**Tarinder Singh AUJLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71853.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Michael P. Lindemann, Esq., Douglas E. Ginsburg, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Tarinder Singh Aujla, a native and citizen of India, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal and denial of his motion to remand for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Aujla testified concerning three alleged incidents to support his claim of persecu-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion. On one occasion, in 1981, when he was a "small boy," accompanying his father, he was arrested as part of a large group. Although he was detained until the next day, he was released unharmed. On a second occasion, in 1986, Aujla was injured when he fell to the ground as police fired into a large crowd of Sikhs. In 1990, Aujla testified that police arrested him and his uncle because they were wearing yellow turbans, but again, he was released unharmed. Afterwards, Aujla remained in India without further incident.

The IJ properly concluded that the events, as Aujla described them, did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Because this evidence does not compel the conclusion that Aujla was persecuted or has a well-founded fear of persecution on account of an enumerated ground, the IJ's determination that he failed to establish eligibility for asylum is supported by substantial evidence. *See Acewicz v. INS*, 984 F.2d 1056, 1061–62 (9th Cir.1993). It follows that he failed to meet the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

As Aujla's CAT claim, relying on the same evidence, failed because he points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to Armenia. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Aujla's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*